**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                            )
FRITZ ELIENBERG,                            )
and all others similarly situated,          )
                                            )
               Plaintiffs,          )
                                            )   **JURY DEMANDED**
                                            )
               v.                   )
                                            )
RCN, CORP., RCN TELECOM SERVICES OF )
MASSACHUSETTS, INC., and CUSTOM             )
CABLE CONCEPTS, INC.                        )
                                            )
               Defendants           )
_____)

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**I.   INTRODUCTION.**

      1.   This is a class action brought on behalf of individuals who perform telecommunications installation services in residences and businesses for RCN, Corp. (RCN) throughout the United States and who are classified as independent contractors.  RCN contracts with various companies throughout the United States who provide telecommunications installation services solely for RCN.  RCN controls the manner in which these services are performed and benefits from the performance of these services.  The individuals who perform these services, on whose behalf this class action is brought, are improperly classified as independent contractors and thus denied the protections of state and federal wage and hour laws.

      2.   The plaintiff brings claims on behalf of a national class of similarly situated individuals who have performed telecommunications installation services

as independent contractors for RCN throughout the United States who may opt-in to this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.  RCN has violated the FLSA by failing to pay these individuals time and one-half their regular rate for hours worked greater than 40 hours per week.

        3.      The plaintiff also brings claims on behalf of a Massachusetts subclass on behalf of similarly situated individuals who have been improperly classified as independent contractors by Defendant Custom Cable Concepts, Defendant RCN Telecom Services of Massachusetts, Inc., and Defendant RCN, Corp.  By improperly classifying these individuals as independent contractors and failing to pay them time and one-half their regular rate for hours worked greater than 40 hours per week, the Defendants have violated the Massachusetts Independent Contractor Statute, M.G.L. c. 149 § 148B and the Massachusetts Overtime Law, M.G.L. c. 151 § 1A.

        4.      The plaintiff also brings claims on his own behalf for violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and M.G.L. c. 152 § 75B based on his having been discharged after he requested time off following a workplace injury.

## II. PARTIES.

        5.      The plaintiff, Fritz Elienberg, is an adult resident of Roxbury, Massachusetts, who provided telecommunications installation services for Defendant Custom Cable Concepts, Inc., Defendant RCN Telecom Services of Massachusetts, Inc. and Defendant RCN, Corp. from 2005 to February 2009.

        6.      The named plaintiff brings this action on his own behalf and on behalf of others similarly situated, including all individuals nationwide who may

choose to opt-in to this action who have provided telecommunications installation services for Defendant RCN, Corp. and/or Defendant Custom Cable Concepts, and who were classified as independent contractors, and thus denied overtime pay for hours worked greater than forty (40) hours per week. Similarly situated individuals may also choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7. The named plaintiff also brings this action as an opt-out class action on behalf of a Massachusetts subclass of similarly situated individuals who have performed telecommunications installation for Defendant Custom Cable Concepts, Defendant RCN Telecom Services of Massachusetts, Inc., and Defendant RCN, Corp, and who were classified as independent contractors. This subclass satisfies all the requirements of Federal Rule of Civil Procedure 23.

8. The Defendant, RCN, Corp., is a company having a principal place of business in Herndon, Virginia, which provides telecommunications services to businesses and individuals throughout the United States. On information and belief, RCN, Corp. is, along with Defendant Custom Cable Concepts, Inc., a joint employer of the individuals hired by Defendant Custom Cable Concepts, Inc. as "independent contractors."

9. The Defendant, RCN Telecom Services of Massachusetts, Inc., is a company having a principal place of business in Herndon, Virginia, and which sells telecommunications services to businesses and individuals in Massachusetts. On information and belief, RCN Telecom Services of Massachusetts, Inc. is a subsidiary of RCN, Corp. and is fully controlled by RCN, Corp.

10. The Defendant, Custom Cable Concepts, Inc. is a company having a principal place of business in Levittown, Pennsylvania, and which provides cable installation services for RCN, Corp. and RCN Telecom Services of Massachusetts, Inc. On information and belief, Custom Cable Concepts, Inc. relies entirely on RCN, Corp. and its subsidiaries, including RCN Telecom Services of Massachusetts, Inc., for all of its cable installation business and hires individuals it classifies as "independent contractors" whose sole job responsibilities are to install cable in businesses and residences on behalf of RCN, Corp.

### III.    JURISDICTION AND VENUE.

11. This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this court because Defendants have violated the laws of the Commonwealth of Massachusetts within Massachusetts, have obligated themselves to the plaintiffs within Massachusetts, and have specifically chosen to maintain a corporate presence within, and substantial contacts with, the Commonwealth of Massachusetts.

### IV.    STATEMENT OF FACTS.

13. Defendant Custom Cable Concepts, Inc. hires individuals to perform cable installation services in various states, including Massachusetts. The individuals it hires, including the named plaintiff, are classified as "independent contractors."

14. While these "independent contractors" are hired and paid by Defendant Custom Cable Concepts, Inc., they are directed in how to perform their services by employees who work for Defendant RCN, Corp. and, in Massachusetts, Defendant RCN Telecom Services of Massachusetts, Inc.

15. While the Defendants classify these workers as "independent contractors", the nature of the services they perform, and the manner in which they perform these services, make it clear that they are actually employees. The Defendants are in complete control of the manner in which these "independent contractors" perform their services.

16. The "independent contractors" perform services (installation of telecommunication services) which is within the usual course of business of the Defendants (the sale and installation of telecommunication services). In fact, Defendant RCN, Corp. and Defendant RCN Telecom Services of Massachusetts, Inc. also hire other individuals who perform the exact same services as these "independent contractors" but who are classified as employees.

17. The Plaintiffs are entirely dependent upon the Defendants for their business, as they may only install telecommunications services for customers of RCN.

18. Each morning, the "independent contractors" hired by Defendant Custom Cable Concepts, Inc. are required to report to a warehouse owned and operated by Defendant RCN, Corp. Once they arrive at this warehouse, RCN employees provide them with work orders. The RCN logo is printed on these work orders.

19. The work orders these "independent contractors" are provided with

instruct them as to what businesses and residences they will be working at that day and what services they will be providing at these businesses and residences. The "independent contractors" are informed by RCN supervisors as to the time period in which the jobs described in the work orders must be performed.

20. On information and belief, these work orders are produced by Defendant RCN, Corp., along with its subsidiary companies, such as Defendant RCN Telecom Services of Massachusetts, Inc. The information in these work orders is based upon communications between Defendant RCN, Corp. and Defendant RCN Telecom Services of Massachusetts, Inc. and their customers.

21. Relying on the information provided in these work orders, the "independent contractors" go to residences and businesses who have contracted with RCN for telecommunications services and provide various services such as: (1) installing cable television service, (2) installing broadband internet service, (3) installing telephone service, (4) removing cable, internet, or telephone service from businesses or residences when customers have failed to pay RCN for these services, and (5) picking up RCN equipment from RCN customers who have either canceled their service or failed to pay for services.

22. In addition to the work performed in response to their receipt of work orders from RCN, the "independent contractors" also occasionally receive calls from RCN employees on their cell phones during which the RCN employees give the "independent contractors" additional jobs to perform.

23. The "independent contractors" are also required to attend meetings and trainings which are run by RCN employees and take place at RCN owned offices or warehouses.

24. On information and belief, the RCN customers at whose homes and businesses these "independent contractors" perform services pay RCN directly for all of these services. The "independent contractors" do not, and cannot, negotiate with these customers regarding the services provided or the payment for these services.

25. The "independent contractors" only install equipment provided by RCN. The independent contractors also wear uniforms on which the RCN logo is printed and use vehicles on which the RCN logo is painted.

26. On information and belief, RCN supervisors, as well as Custom Cable Concepts supervisors can, and do, terminate "independent contractors" when RCN is not pleased with the manner in which their services are performed.

27. The "independent contractors", including the named plaintiff, often work more than 40 hours a week while providing services for the Defendants. However, the "independent contractors" are never provided with time and one-half their regular rate of pay for hours worked greater than forty (40) in a week.

28. The "independent contractors", though they are actually employees, are not provided with a host of benefits (e.g. paid vacation and sick time, health insurance, workers compensation, unemployment benefits) which are provided to RCN employees who perform similar work.

29. The "independent contractors" are responsible for various expenses which are in actuality expenses which should be borne by the Defendants as the cost of doing business (e.g. expenses incurred purchasing, maintaining, and refueling vehicles which are used to provide services for the Defendants and purchasing the tools used to perform cable/internet/telephone

installation).

30. The vehicles used by these "independent contractors" in performing services for the Defendants all weigh less than 10,000 pounds.

31. On information and belief, Defendant RCN, Corp. follows the practice, described above, of contracting out telecommunications installation services to companies and individuals throughout the country, and then controlling the manner in which these services are performed, throughout the country.

32. The named plaintiff, Mr. Elienberg, was injured while performing services for the Defendants. When, due to his injury, he indicated that he could not perform certain difficult jobs and later requested time off, he was terminated.

## COUNT I
### (Violation of Fair Labor Standards Act (FLSA))

The Defendants' knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a week to individuals performing telecommunications installation services based on their misclassification as "independent contractors" violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*

## COUNT II
### (Violation of Massachusetts Independent Contractor Law)

By misclassifying the named plaintiff and class members who performed services in Massachusetts as independent contractors instead of employees, Defendants have violated Mass. Gen. Laws c. 149 § 148B. This claim is brought pursuant to Mass. Gen. Laws. c. 149 § 150.

## COUNT III
### (Violation of Massachusetts Wage Laws)

By such conduct in forcing the named plaintiff and class members who performed services in Massachusetts to bear costs incident to Defendants' business operations, Defendants violated Mass. Gen. Laws. c. 149 §§ 148 and 150 by unlawfully requiring Plaintiffs and Class Members to pay improper set-offs against their wages. Further, the Defendants' conduct, as set forth above, in failing to pay the named and class plaintiffs in Massachusetts all overtime wages which they earned as a result of their employment violates the Massachusetts overtime law, Mass. Gen. L. c. 151 §§ 1, 1A.

## COUNT IV
### (Unjust Enrichment/Quantum Meruit)

The Defendants' conduct, as set forth above, in reaping unfair benefit through lower labor costs by misclassifying their workers as independent contractors render them liable under the common law doctrines of unjust enrichment/quantum meruit, pursuant to the common law of Massachusetts.

## COUNT V
### (Federal Family and Medical Leave Act, 29 U.S.C. § 2601 et. seq.)

The actions of the Defendants as set forth herein in refusing to allow plaintiff Fritz Elienberg time off, without penalty, for a serious health condition violates the Federal Family and Medical Leave Act, 29 U.S.C. § 2601 et. seq.

## COUNT VI
### (Retaliation for Exercise of Rights Under M.G.L. c. 152 § 75B)

The actions of Defendants as set for herein in discharging plaintiff Fritz Elienberg when he sought accommodations and time off due to his workplace injury violates M.G.L. c. 152 § 75B.

## JURY DEMAND

Plaintiffs request a trial by jury on their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1.  Permission for individuals throughout the country, who perform telecommunications installation services for RCN, Corp., are classified as independent contractors, and have not been paid overtime for hours greater than forty (40) worked in a week, to opt-in to this action, pursuant to § 216(b) of the FLSA;

2.  Certification of a Massachusetts sub-class, pursuant to Fed. R. Civ. P. 23;

3.  All damages to which the named plaintiff and class members may be entitled;

4.  Liquidated and multiple damages as allowed by law, including double damages for the FLSA claim and treble damages under Massachusetts law;

5.  An injunction ordering Defendants to cease their violations of the law as described here,

6.  Attorneys' fees and costs; and

7.  Any other relief to which the plaintiffs may be entitled.

                                            Respectfully submitted,

                                            FRITZ ELIENBERG
and all others similarly situated,

                                            By their attorneys,

                                             /s/ Harold L. Lichten
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Ian O. Russell, BBO #673387
LICHTEN & LISS-RIORDAN, P.C.
100 CAMBRIDGE STREET, 20TH FLOOR
Boston, MA 02114
(617) 994 - 5800

Dated: June 1, 2009